IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
 : CASE NO.  1:09 CV 2278
ROCHELLE KIDD, et al, :
 :
                                       Plaintiff, : MEMORANDUM OPINION AND
 : ORDER GRANTING JUDGMENT ON
              -vs- : THE PLEADINGS IN FAVOR OF THE
 : DEFENDANTS AND DISMISSING THE
 : PLAINTIFF'S CLAIMS BROUGHT ON
CUYAHOGA COUNTY DEPT. OF : HER OWN BEHALF
CHILDREN SERVICES, et al, :
 :
                                       Defendants.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is a motion for judgment on the pleadings filed by the defendants Cuyahoga County Department of Children and Family Services ("Children and Family Services" or "CFS"), James McCafferty, Darryl Harris, and Kimberly Kuczma (collectively, "defendants").  (Doc. 6).  The defendants seek dismissal of the claims of Rochelle Kidd, raised on her own behalf.[1]   Ms. Kidd opposes the motion and the defendants have replied.  For the reasons that follow, the Court will enter judgment in favor of these defendants as to the claims that Ms. Kidd has brought on her own behalf.

---

[1] The defendants also filed a motion for judgment on the pleadings seeking dismissal of those claims brought on behalf of Ms. Kidd's minor children. (Doc. 7).  The Court will rule on this motion in a subsequent order.

**I. Background**

The plaintiff Rochelle Kidd was married to Victor Anderson on 2 January 2004. Prior to their marriage, the couple had four children together: Breanna, born 27 November 1994; Kayla, born 3 December 1996; Miles, born 30 May 1998; and Jeronimo, born 29 December 2000.  In March of 2004, it came to the attention of Children and Family Services that Ms. Kidd had allegedly abused one or more of her children.  The children were removed from the home and placed with their maternal aunt, although it is not clear from the pleadings whether their removal was the result of official action.

Children and Family Services assigned defendant Nasheema Hillmon as the social worker on Ms. Kidd's case.  Ms. Hillmon's official role, according to the plaintiff, was to assist Ms. Kidd in reunifying her family.  The plaintiff alleges, however, that Ms. Hillmon became romantically involved with her husband, Mr. Anderson, after being assigned to her case.  On 19 October 2004, a juvenile court awarded custody of the four children to the father, Mr. Anderson.  Yet, at some point, Mr. Anderson later returned physical custody of the children to Ms. Kidd without the knowledge of the court or Children and Family Services.

In April 2005, according to Ms. Kidd, defendants Children and Family Services, McCafferty, Kuczma, and Harris were alerted to the romantic relationship that had apparently developed between Ms. Hillmon and Mr. Anderson.  Ms. Kidd maintains that in May 2005, the defendants initiated an investigation of Ms. Hillmon.  The defendants, while admitting that a child welfare investigation occurred, deny any knowledge of misconduct on the part of Ms. Hillmon.  Ms. Kidd maintains that while the investigation

2

and the affair were ongoing, Ms. Hillmon was again assigned as a social worker on Ms. Kidd's case after a second round of abuse allegations against Ms. Kidd emerged. In June 2005, Ms. Kidd and Mr. Anderson were divorced. The plaintiff alleges that shortly thereafter Ms. Hillmon, while acting as social worker, persuaded Ms. Kidd to relinquish custody of her children to Mr. Anderson. Ms. Hillmon and Mr. Anderson were then married the following month, the fact of which Ms. Kidd was unaware at the time. After marrying Mr. Anderson, Ms. Hillmon continued to serve as social worker to Ms. Kidd's family.

In September 2005, legal proceedings seeking to grant legal custody of Ms. Kidd's children to Mr. Anderson were under way. To that end, Children and Family Services motioned the juvenile court and submitted the sworn affidavit of Ms. Hillmon in which she testified that she had "visited the Anderson residence . . . and found the home and living situation appropriate." (Doc. 1-1, p. 3). Juvenile court documents submitted by the defendants indicate that in December 2006, a magistrate judge entered judgment against Ms. Kidd and awarded legal custody of the children to Mr. Anderson. (Doc. 5-1).

According to documents submitted by the defendants, at the time of the order, Ms. Kidd had only recently become aware of the relationship that had developed between Ms. Hillmon and Mr. Anderson. (Doc. 5-1, pp. 7-8). Ms. Kidd then filed objections to the magistrate's order and requested that the ruling be set aside, essentially on the grounds that any credence the court may have given to Ms. Hillmon's testimony would have been in error, given the apparent conflict of interest created by Ms. Hillmon's relationship with Mr. Anderson. (Doc. 5-1). She supported her request

3

with an affidavit in which she attested that "[i]n October of 2006, I learned that Mr. Anderson and Ms. Hillman [sic] had been maintaining a romantic relationship for several weeks prior to their wedding."  She further swore that, "[h]ad I known Mr. Anderson and Ms. Hillman [sic] were maintaining a romantic relationship while my case was pending, I would have immediately reported this information to the Court and would not have subsequently agreed to give legal custody of my children to Mr. Anderson."  (Doc. 5-1, p. 8).

On 2 October 2009, Ms. Kidd brought suit in this Court against Ms. Hillmon, Children and Family Services, and three individual CFS employees.  (Doc. 1).  Ms. Kidd maintains that she was deprived of companionship and all communication with her children from May 2005 to June 2009.  She alleges that Ms. Hillmon's conduct while acting as a social worker to her family amounts to a violation of her procedural and substantive due process rights, as secured by the Fourteenth Amendment to the United States Constitution.  She further maintains that actions and/or inaction of the remaining defendants, once they became aware of Ms. Hillmon's alleged misconduct, also amount to federal due process violations.  Ms. Kidd also advances a variety of state and common law tort causes of action, including abuse of process, loss of consortium, negligence, recklessness, intentional/negligent infliction of emotional distress, and child stealing.  Ms. Kidd brings this suit on behalf of herself and as next friend of her children, Breanna, Kayla, Miles, and Jeronimo.

The defendants have answered and deny liability.[2]  (Doc. 5).  They motion for judgment on the pleadings under Federal Rule 12(c) as to Ms. Kidd's own claims.  (Doc. 6).  They have filed a separate motion seeking dismissal of claims brought on behalf of her children.  (Doc. 7).  The defendants argue for judgment in their favor on the following grounds: statute of limitations; qualified immunity; preclusion under Rooker-Feldman; failure to state a claim under section 1983; improper party; statutory immunity.  The Court need only address the defendants' first argument, however, as Ms. Kidd's claims brought on her own behalf are time-barred.

**II. Judgment on the Pleadings under Federal Rule 12(c)**

A Rule 12(c) motion for judgment on the pleadings is considered on the same standard of review as a Rule 12(b)(6) motion for dismissal.  Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir.2008).  A claim survives a motion to dismiss under Fed.R.Civ.P. 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct.

---

[2] Ms. Hillmon, who is also referred to as Nasheema Anderson, has not answered, nor does she join in the defendants' motions.  At this time, it does not appear that she has been served.

5

1955, 167 L.Ed.2d 929 (2007). A complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 557)(internal quotation omitted).

The Court must "construe the complaint in the light most favorable to the plaintiff." Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir.2002). The plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Iqbal, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**III. Law and Argument**

*Statute of Limitations*

The defendants maintain that Ms. Kidd's federal and state law claims are barred because the statute of limitations has expired. On a Rule 12(c) motion, if the allegations on the face of the complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. Jones v. Bock, 549 U.S. 199, 215 (2007).

Since no statute of limitations is contained in Section 1983, state law provides the relevant time limitation. Under Ohio law, which is applicable here, a two-year statute of limitations applies to Section 1983 claims. Banks v. City of Whitehall, 344 F.3d 550, 553 (6th Cir. 2003) (citing Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989) (en banc)). The statute of limitations for state law claims against a governmental entity and its employees is also two years. O.R.C. § 2744.04(A).

While the parties appear to agree on the length of the limitations period, they dispute when it started running.  The defendants maintain that the statute of limitations began to run when she knew or had reason to know of the injury which is the basis of her action.  See Sevier v. Turner, 742 F.2d 262, 272-273 (6th Cir. 1984).  They essentially argue that because Ms. Kidd's alleged injury involves the apparent conflict of interest arising from Ms. Hillmon's relationship with Mr. Anderson, the latest date at which the statute of limitations could have begun running is when she learned of that relationship.  The defendants contend that an affidavit Ms. Kidd originally filed in juvenile court proves that she had knowledge of the relationship in October of 2006.  (See Doc. 5-1).  Indeed, in paragraph 8 of this document it appears that Ms. Kidd attested that "[i]n October of 2006, [she] learned that Mr. Anderson and Ms. Hillman [sic] had been married in July of 2005."  The defendants argue that because the exhibit shows that she knew of the alleged misconduct for more than two years before filing suit in October 2009, her suit must be dismissed.  They further maintain that the Court may properly consider this affidavit on their Rule 12(c) motion without converting it to a motion for summary judgment.

Ms. Kidd, for her part, does not dispute the substance or the authenticity of the affidavit, nor does she oppose the argument that the Court may consider the affidavit without converting the motion to one for summary judgment.  Instead, she argues that the statute of limitations did not start running until her attorney contacted the defendant, James McCafferty, on 9 September 2008 regarding his failure to act in regards to Ms. Kidd's case.  (Doc. 8, p. 11).  As proof of this contact, she directs the Court to a copy of the letter her attorney sent to the defendants.  (Doc. 8-1).  This argument, however,

7

should be rejected out of hand.  Ms. Kidd references no law to support her proposition.  Her attorney's decision to send a letter to the defendants has no bearing on the limitations analysis, and Ms. Kidd suggests no other event or date either in the complaint or her opposition from which the limitations period might be measured.

The Court agrees with the defendants that in this instance, the latest date at which the limitations period could have begun running was when Ms. Kidd became aware of Ms. Hillmon's relationship with Mr. Anderson.  The affidavit submitted with the defendants' answer indicates that she knew of their relationship in October 2006.  Therefore, because Ms. Kidd did not file suit until October 2009, Ms Kidd's claims should be dismissed as time-barred at this stage of the proceedings, provided the Court's consideration of the affidavit on a Rule 12(c) motion is proper.

As the defendants intimate, the Court's consideration of matters outside the pleadings presents a potential issue, since it could effectively convert the defendants' Rule 12(c) motion into a motion for summary judgment.  See Fed. R. Civ. P. 12(d).  In the event of a conversion, notice to the opposing party by the Court is required where she "is likely to be surprised by the proceedings."  See Salehpour v. Univ. of Tenn., 159 F.3d 199, 204 (6th Cir. 1998).  However, generally, "[w]hether notice of conversion of a motion to dismiss to one for summary judgment by the court to the opposing party is necessary depends upon the facts and circumstances of each case."  Id.

Given the facts and circumstances of this case, Ms. Kidd could not reasonably be surprised by a conversion to summary judgment.  The defendants' arguments in their motion and their submission of materials outside the pleadings put Ms. Kidd on notice that the Court might consider supplemental material.  The defendants argued that the

8

Court is free to consider the affidavit without converting it to a motion for summary judgment, but Ms. Kidd did not address this argument in her opposition. (See Doc. 6-2, pp. 1-2). In response, Ms. Kidd submitted her own materials outside the pleadings for the Court's consideration. She cannot now reasonably claim surprise if the Court also considers documents submitted by the defendants. See Shelby County Health Care Corp. v. S. Council of Indus. Workers Health and Welfare Trust, 203 F.3d 926, 931-32 (6th Cir. 2000) (because both parties submitted numerous exhibits fully addressing the [defendant's] argument for dismissal there was sufficient notice of the conversion). In addition, she made no attempt to deny that she had learned of Ms. Hillmon and Mr. Anderson's relationship in late 2006. In fact, the only way she could have even made such a claim would be by contending that the affidavit submitted by the defendants is somehow a fraudulent document. She has made no such contention, and she has not asked for leave to supplement the record in the nearly nine months that have passed since the defendants filed their motion.

Further, given that the affidavit appears to be a matter of public record, reference to it may not result in a conversion to summary judgment in any case. The Court may take judicial notice of state court proceedings without converting Rule 12(c) motion into one for summary judgment. Buck v. Thomas M. Cooley Law Sch., 597 F.3d 812, 816 (6th Cir.2010); Scarso v. Cuyahoga Cty. Dep't of Human Service, 1990 WL 169645, at * 2 (6th Cir. Nov.2, 1990) ("In determining the legal efficacy of plaintiff's complaint, the lower court properly took judicial notice of facts in the public record, specifically the records of state court proceedings"). In addition, the Court may take judicial notice of facts "not subject to reasonable dispute ...." Fed. R. Evid. 201; See U.S. v. Bonds, 12

9

F.3d 540, 553 (6th Cir.1993) (declining to take judicial notice of National Research Committee Report where "there [was] considerable dispute over the significance of its contents").  Ms. Kidd does not dispute the substance of the affidavit filed with the juvenile court.  And unless the affidavit were somehow inauthentic–and there is no suggestion that it is–Ms. Kidd could not reasonably dispute that she knew of Ms. Hillmon's relationship with Mr. Anderson in late 2006.

Therefore, in light of the specific facts and circumstances of this case, the Court's consideration of the affidavit submitted by the defendants is proper.  The claims that Ms. Kidd brought on her own behalf must be dismissed as time-barred, because there is no genuine issue of material fact related to her knowledge of her alleged injury.  Ms. Kidd knew of her alleged injury for more than two years prior to filing this suit, and her claims will be dismissed.

**IV. Conclusion**

For the foregoing reasons, the defendants' motion (Doc. 6) is granted. Accordingly, Ms. Kidd's claims brought on her own behalf against Children and Family Services, James McCafferty, Darryl Harris, and Kimberly Kuczma are hereby dismissed.

IT IS SO ORDERED.

    /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 13 August 2010