IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

ROCHELLE KIDD,

              Plaintiff,

-vs-

CUYAHOGA COUNTY DEPT OF
CHILDREN SERVICES, et al,

              Defendants.

: CASE NO. 1:09 CV 2278
:
: MEMORANDUM OF OPINION AND
: ORDER

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is a motion for judgment on the pleadings filed by the defendants Cuyahoga County Department of Children and Family Services ("CFS"), James McCafferty, Darryl Harris, and Kimberly Kuczma. (Docket #7). The motion seeks dismissal of the claims of Plaintiff Rochelle Kidd, raised as next friend of Ms. Kidd's children, Breanna Anderson, Kayla Anderson, Miles Anderson, and Jeronimo Anderson. Id. Ms. Kidd opposes the motion (Docket #13) and the defendants have replied. (Docket #16). For the reasons that follow, the Court will grant defendants' motion.

Fed. R. Civ. P. 12(c) states that, '[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 17(c)(1) states that "[t]he following representatives "may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17(c)(2) states that, "[a] minor or an incompetent

person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." The burden is on the next friend "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Franklin v. Francis, 144 f.3d 429, 432 (6th Cir. 1998), citing Whitmore v. Arkansas, 495 U.S. 149, 164 (1990).

Ms. Kidd does not argue that Fed. R. Civ. P. 17(c)(1) applies to her and it does not. However, Ms. Kidd has not established that "next friend" representation, as set forth in 17(c)(2) is necessary. She concedes that her ex-husband, Mr. Anderson, has legal custody of the children. (Docket #13 at 1). Moreover, should Mr. Anderson fail to protect the best interests of his children, the "youth are involved with the child welfare system, and have a guardian ad litem or a legal custodian to act on their behalf." (Docket #7 at 3). See also Johnson v. University Hospital of Cleveland, 2002 WL 2027251 at fn 1 (6th Cir.) (affirming dismissal of mother's case brought as next friend of her daughter because mother lacked standing - she had relinquished her parental rights, and was not her daughter's legal representative).

Based on the foregoing, the Court finds that Ms. Kidd has not sufficiently established the propriety of her status as next friend to justify the jurisdiction of this Court. See Franklin, supra. Accordingly, defendants' motion for judgment on the pleadings is granted and Ms. Kidd's complaint is dismissed without prejudice.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 9/16/2010